**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**JAMES LANE,**

      **Plaintiff,**

**v.**                           **Civil Action No: 2:18-cv-01223**

**FAYETTE COUNTY COMMISSION,
ETHAN A. SHREWSBURY,
RYAN FOX and BRIAN FERNANDEZ,**

      **Defendants.**

## <u>AMENDED COMPLAINT</u>

Comes now the Plaintiff, James Lane ("Plaintiff) by counsel, the law office of Stroebel & Johnson, PLLC, and for his Amended Complaint, states as follows:

This amended complaint, brought pursuant to 42 U.S.C. **§** 1983, the Fourth and Fourteenth Amendments to the United States Constitution, West Virginia common law and statutory law, arises out of, among other things, Defendants' violations of Plaintiff's State and Federal Constitutional rights, and Defendants' use of excessive force, assault and battery, negligence and/or Intentional and reckless conduct as more specifically set forth herein below.

1.      Plaintiff was a resident of Fayette County, West Virginia.

2.      Defendant Fayette County Commission is the legal entity, located in Fayette County, West Virginia that is liable through the doctrine of *respondeat superior* for the conduct of Fayette County Deputy Sheriffs as well as the Fayette County Sheriff Department's own independent negligence.

1

3.     The Fayette County Sheriff's Department is a law enforcement agency/department of the Defendant Fayette County Commission, located in Fayette County, West Virginia.

4.     Defendants Ethan A. Shrewsbury, Ryan Fox and Brian Fernandez were at all times relevant herein deputy sheriffs for the Fayette County Commission and acted as an agents/employees of the Fayette County Sheriff's Department. Upon information and belief, Defendants are residents of Fayette County, West Virginia.

5.     On or about August 13, 2016, Defendants were acting within the scope of their employment and under color of state law when they used excessive force and assaulted and battered Plaintiff while he was being arrested and while in custody.  This conduct resulted in serious and permanent injury to the Plaintiff, as more fully set forth hereinbelow.  Plaintiff was arrested on August 12, 2016 but was likely injured on August 13, 2016.

6.     This action is also brought against the Fayette County Commission for, among other things, the failure to properly train and supervise Defendants Shrewsbury, Fox and Fernandez in the proper establishment of policies, practices, procedures, and customs concerning, among other things, the arrest, treatment, transportation, search and seizure and due process rights of those individuals under arrest and in the custody and control of Fayette County Sheriff's deputies.

7.     Defendants' actions, as more specifically set forth hereinbelow, constitute a willful, knowing violation and depravation of Plaintiff's rights secured by the Constitutions of West Virginia and of the United States in violation of 42 U.S.C. § 1983, specifically, the right to be free from excessive, unreasonable and arbitrary police action; the deprivation

2

of liberty without due process of law; the right to be secure against unreasonable and excessive uses of force; and the right to be free from the wanton infliction of physical harm by anyone acting under color of state law.

8.      Defendants Shrewsbury, Fox and Fernandez actions constitute a willful and knowing violation and depravation of rights secured by the Constitution of the United States in violation of 42 USC., § 1983, specifically, the right to be free from excessive, unreasonable and arbitrary police action; the depravation of liberty without due process of law; the right to be secure against unreasonable and excessive use of force; and the right to be free from the wanton infliction of physical harm by anyone acting under color of state law.

9.      That the actions and inactions of the Defendants named herein are in violation of the United States Constitutional rights of Plaintiff, and justify an award of reasonable attorney fees under 42 USC, § 1988; and, Plaintiff is entitled to recover compensatory and punitive damages against Defendants Shrewsbury, Fox and Fernandez for his bodily and personal injury, proximately caused by the conduct as set forth in this amended complaint.

### JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction over the claims asserted herein as the conduct alleged herein occurred in Fayette County, West Virginia and sets forth claims alleging violations of both state and federal law and as such, presents a federal question.

### FACTS

11.      Plaintiff reincorporates paragraphs 1 through 10 as if fully set forth herein.

3

12.     Plaintiff was arrested for public intoxication and child neglect on or about August 12, 2016.

13.     On or about August 12, 2016, the individual Defendants were employed and on duty for the Defendant Fayette County Commission through the Fayette County Sheriff's department.  The department is an agency of the Fayette County Commission.  The claims against Defendants Shrewsbury, Fox and Fernandez are for acts carried out in their individual capacity while in the scope of their employment.

14.     Defendant Shrewsbury responded to a 911 call requesting assistance at Adventures on the Gorge to address a complaint that plaintiff was intoxicated.  Concerns were also raised regarding the safety of plaintiff's child as a result of plaintiff's supervision or perceived lack of ability to properly and safely supervise his child.  Plaintiff was arrested and transported by Defendant Shrewsbury.[1]

15.     While at the Fayette County Sheriff's department, plaintiff was being processed as a result of his intoxication when Shrewsbury alleged that Plaintiff attempted to attack him.  Shrewsbury has recounted through written reports that he delivered an open hand palm strike to the right side of plaintiff's face in response to this attack.  This information is contained in Shrewsbury's report as well as the report of other deputies.  Shrewsbury's report is void of any information that would explain the other injuries suffered by plaintiff.

16.     Plaintiff asserts and the medical evidence supports plaintiff's allegations that he was repeatedly struck by Shrewsbury, knocked to the ground by Fox and tazed

---

[1] Plaintiff was subsequently convicted of some charges, including battery.  However, plaintiff's conduct in no way justifies the excess level of force used against plaintiff.

by Fernandez, thereby causing plaintiff multiple bodily injuries, thereby causing him to suffer multiple facial lacerations, bruises as well as multiple facial fractures requiring surgical intervention.  See medical recdords attached as Exhibit A.  These records, on their face, contradict Shrewsberry's report that states he administered one blow to the right side of plaintiff's face.  Defendant Fernandez also tazed plaintiff numerous times while plaintiff was restrained.  Defendant Fox failed to intervene on plaintiff's behalf and was responsible for using excessive force and knocking plaintiff to the ground.

17.    Defendant Shrewsbury's, Fox's and Fernandez's use of excessive force, was in violation of both federal and state law and resulted in plaintiff suffering the serious physical injury, pain and suffering.

### COUNT I - VIOLATIONS OF FOURTH AND FOURTEENTH AMENDMENTS TO UNITED STATES CONSTITUTION/42 U.S.C. §1983

18.    Plaintiff re-alleges and incorporates paragraphs 1 through 17 above as if fully set forth herein.

19.    Defendants Shrewsbury, Fox and Fernandez, as set forth hereinabove, assaulted, battered and used excessive force against Plaintiff which was unwarranted, unnecessary and unjustified. Defendants Shrewsbury, Fox and Fernandez's actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment, humiliation and emotional distress upon him.

20.    The excessive force, assault and battery of Plaintiff by Defendants Shrewsbury, Fox and Fernandez was in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable search and seizures and unreasonable intrusions on his bodily integrity.

5

21.     The excessive force, assault and battery of Plaintiff by Defendant Shrewsbury was so egregious, outrageous, and an abuse of power in violation of Plaintiff's right under the Fourteenth Amendment to due process of law as said acts shock the conscious.   Further, Defendants Shrewsbury, Fox's and Fernandez acts and/or inactions as set forth hereinabove, were done while they were acting under the color of state law and the authority as a Fayette County Sheriff's Deputies on behalf of the Fayette County Commission.

22.     Plaintiff further alleges that the violations of his constitutional rights were caused by implementation of a custom, policy, or official act of the Fayette County Sheriff's Department/Fayette County Commission, including, among other things, permitting the excessive use of force, assault, and battery of arrested/detained individuals, including Plaintiff.

23.     As a result of the aforementioned, Plaintiff has suffered sorrow, medical expenses, pain and suffering, physical injuries and emotional distress.   Plaintiff is therefore entitled to damages, punitive damages, attorney fees and costs 42 U.S.C. **§** 1983 and 42 U.S.C. **§** 1988 against the individual defendants.

## COUNT II - ASSAULT AND BATTERY

24.     Plaintiff re-alleges and incorporates paragraphs 1 through 23 above as if fully set forth herein.

25.     Defendant Shrewsbury, at the time of processing of Plaintiff, created an apprehension within Plaintiff of immediate physical harm by making threatening comments and inappropriate physical striking, as more fully set forth hereinabove. Plaintiff asserts that he was battered when Shrewsbury and Fox struck plaintiff multiple

times.  Plaintiff was further battered when Fernandez repeatedly tazed plaintiff while he was restrained.

26.     Defendant Fayette County Commission is liable under the doctrine of *respondeat superior* for the conduct of its employees as described herein.

27.     As a result of the aforementioned, Plaintiff has suffered sorrow, medical expenses, pain and suffering, physical injuries and emotional distress.  Plaintiff does not seek punitive damages against the sheriff's department.

### COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 above as if fully set forth herein.

29.     Defendants Shrewsbury, Fox and Fernandez acted intentionally and/or recklessly in their actions toward Plaintiff, as set forth hereinabove, with the knowledge that such conduct would cause Plaintiff to suffer severe bodily injury, severe emotional distress, humiliation, medical expenses and embarrassment.

30.     Defendants Shrewsbury, Fox and Fernandez are employees, officers and agents of the Defendant Fayette County Commission and were acting in the scope of their employment or within the scope of their apparent authority when they acted in a manner as set forth hereinabove towards Plaintiff.  Moreover, this conduct was ratified by Defendants' employer when they failed to properly investigate plaintiff's injuries and take action against the defendants.

31.     Because Defendants Shrewsbury, Fox and Fernandez were acting within the scope of their employment and apparent authority, their conduct is imputable to the Defendant Fayette County Commission, therefore making this Defendant liable for

Plaintiff's damages as set forth hereinabove under the doctrine of *respondeat superior.*

## COUNT IV - NEGLIGENT SUPERVISION/TRAINING

32.     Plaintiff re-alleges and incorporates paragraphs 1 through 31 above as if fully set forth herein.

33.     That the Defendant Fayette County Commission is required to supervise and train its deputies. Defendants Shrewsbury, Fox and Fernandez were deputies, agents and employees of the Fayette County Commission and under the direct supervision and control of said defendant's agency.  As is apparent from the reports of Defendants, they failed to properly book and maintain control of plaintiff while he was intoxicated.  The failure to follow protocol was a result of improper training by the Department.

34.     That Fayette County Sheriff's Department on behalf of the Fayette County Commission negligently and/or recklessly supervised, controlled, monitored and trained Defendants and created an unreasonable risk of harm to Plaintiff, as set forth hereinabove.  Specifically, Defendants negligently processed plaintiff by repeatedly handcuffing and releasing plaintiff who was clearly identified as being intoxicated.  This conduct upon information and belief, violated department protocol.

35.     That as a direct and proximate result of Defendant Fayette County Commission's aforementioned negligent/reckless conduct, Plaintiff has suffered severe bodily injury, emotional distress, humiliation, embarrassment, mental distress and loss of personal dignity.

## COUNT V – SPOILATION

36.     Plaintiff re-alleges and incorporates paragraphs 1 through 35 above as if fully set forth herein.

8

37.     Plaintiff had requested copies of all videotapes of plaintiff and his interactions with officers.  Defendant Fayette County Commission failed to respond to plaintiff's FOIA request on this issue multiple times.  When defendant responded after the third request, defendant stated that no body cam video existed.  Defendant's letter failed to address any other video footage.

38.     Defendants were aware that plaintiff was seriously injured as a result of the wrongful use of force, assault and battery, and/or excessive use of force.  Pursuant to policy, The Fayette County Sherriff's Department on behalf of Defendant Fayette County Commission was required to investigate the injuries and their cause.  Upon information and belief, it did not occur.

39.     At all times herein, the defendants were aware of potential litigation as a result of the alleged conduct.  Plaintiff, through counsel, has made three separate FOIA requests to the Fayette County Sheriff's Department on behalf of the Fayette County Commission.  Two requests were ignored.  Plaintiff specifically requested copies of all videos.  The third was responded to by the defendant that no videos existed.  The Fayette County Commission is responsible for the conduct of the Fayette County Sheriff's Department and its employees.

40.     Upon information and belief, Defendant Fayette County Commission has video cameras in the booking area where plaintiff was held and battered.

41.     Plaintiff reserves the right to explore these allegations and assert a spoliation claim if such video existed and was not maintained.

42.     Such conduct would violate plaintiff's constitutional and common law rights and resulted in him suffering severe emotional distress.

WHEREFORE, Plaintiff requests the following relief:

(a)   That he may have a trial by jury;

(b)   That he be awarded all damages, including but not limited to, emotional distress, humiliation, mental anguish, embarrassment, and future mental anguish;

(c)   That he be awarded all other compensatory and general damages for which Defendants are liable;

(d)   That he be awarded punitive damages against the individual defendants;

(e)   That he be awarded attorney fees and related costs; and

(f)   That he be awarded such other relief as this Court may deem just and equitable.

PLAINTIFF DEMANDS A TRIAL BY JURY

JAMES LANE,
By Counsel,


/s/ Paul M. Stroebel
Paul M. Stroebel, Esquire (WV BAR 5758)
Stroebel & Johnson, PLLC
P.O. Box 2582
Charleston, WV  25329