```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

JAMES LANE,

    Plaintiff,

v.                              Civil Action No. 2:18-cv-01223

FAYETTE COUNTY COMMISSION,
ETHAN A. SHREWSBURY,
RYAN FOX and BRIAN FERNANDEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is defendant Fayette County Commission's motion to dismiss the amended complaint, filed January 30, 2019.

### I. Background

On or around August 12, 2016, defendant Ethan A. Shrewsbury, a Fayette County deputy sheriff, responded to a 911 call from an individual at "Adventures on the Gorge." Am. Compl. ¶¶ 13-14. The individual reported to 911 dispatch that plaintiff Lane was intoxicated and had a "perceived lack of ability to properly and safely supervise his child." Id. ¶ 14. Lane was arrested for public intoxication and child neglect and transported to the Fayette County Sheriff's Department ("the Sheriff's Department") by defendant Shrewsbury for processing. Id. ¶ 12, 14.

Shrewsbury later reported that "Plaintiff attempted to attack him" while he was being processed at the Sheriff's Department. Id. ¶ 15. According to the written reports made by Shrewsbury and "other deputies," Shrewsbury "delivered an open hand palm strike to the right side of plaintiff's face in response to this attack." Id. Plaintiff, however, alleges that Shrewsbury's report is devoid "of any information that would explain the other injuries [that plaintiff] suffered." Id. Those injuries include "multiple facial lacerations, bruises," and "multiple facial fractures requiring surgical intervention," as shown by the plaintiff's medical records. Id. ¶ 16; Pl.'s Ex. A. Plaintiff claims these injuries resulted from being "repeatedly struck by Shrewsbury, "knocked to the ground" by defendant Ryan Fox, and "tazed" by defendant Brian Fernandez," all of whom were Fayette County deputy sheriffs and "acted as . . . agents/employees of the Fayette County Sheriff's Department." Am. Compl. ¶¶ 4, 16.

Plaintiff claims that medical records documenting his injuries contradict Shrewsbury's report, which allegedly states that he "administered one blow to the right side of plaintiff's face." Am. Compl. ¶ 16. He further alleges that defendant Fernandez tazed him "numerous times" while he was "restrained," and that defendant Fox "failed to intervene on plaintiff's

2

behalf and was responsible for using excessive force and knocking plaintiff to the ground." Id.

As a result of the alleged events, plaintiff instituted this action on August 10, 2018. He amended his five-count complaint on December 11, 2018. The amended complaint charges as follows: violations of Fourth and Fourteenth Amendments to United States Constitution/42 U.S.C. § 1983 (Count I); assault and battery (Count II); intentional infliction of emotional distress (Count III); negligent supervision/training (Count IV); and spoliation (Count V). The Commission seeks dismissal of Counts I, II, III, and IV. See Def.'s Mot. Dismiss.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) correspondingly provides that a pleading may be dismissed when there is a "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss, a pleading must recite "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009) (quoting Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008)). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

Application of the Rule 12(b)(6) standard requires that the court first "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Twombly, 550 U.S. at 572). Such factual allegations should be distinguished from "mere conclusory statements," which are not to be regarded as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Second, the court must also "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

**III. Discussion**

**A. Section 1983 Claims – Count I**

Plaintiff first alleges that the officers' "excessive force, assault and battery" violated plaintiff's Fourth Amendment right "to be free from unreasonable search and seizures and unreasonable intrusions on his bodily integrity" and was "egregious, outrageous, and an abuse of power in violation of Plaintiff's right under the Fourteenth Amendment to due process of law." Am. Compl. ¶¶ 20-21. Plaintiff further alleges that "the violations of his constitutional rights were caused by implementation of a custom, policy, or official act of [the Commission], including, among other things, permitting the excessive use of force, assault, and battery of arrested/detained individuals, including Plaintiff." Id. ¶ 22.

Plaintiff brings these claims pursuant to 42 U.S.C. §§ 1983, 1988. Section 1983 provides that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Id. § 1983. "For purposes of Section 1983, a municipality is considered a 'person' and thus is subject to suit." Hunter v. Town of Mocksville, 897 F.3d 538, 553 (4th Cir. 2018). However, "a municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).

A local government is liable under § 1983 only when "through its deliberate conduct, the [local government] was the 'moving force' behind the injury alleged." Bd. of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404 (1997) (emphasis in original) (quoting Monell, 436 U.S. at 694). Such occurs "when execution of [the] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694; see also Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir. 1999). "Section 1983 plaintiffs seeking to impose liability on a municipality must, therefore, adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." Jordan by Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994). While "[t]he recitation of facts need not be particularly

detailed . . . courts have dismissed <u>Monell</u> claims when the plaintiff has alleged nothing more than a municipality's adherence to an impermissible custom." <u>Owens v. Baltimore City State's Attorneys Office</u>, 767 F.3d 379, 403 (4th Cir. 2014) (finding plaintiff stated a claim by alleging "reported and unreported cases" of the police department "knowingly and repeatedly suppressing exculpatory evidence in criminal prosecutions"). The factual allegations of a policy or custom must "raise a right to relief above the speculative level," see <u>Twombly</u>, 550 U.S. at 555, and "permit the court to infer more than the mere possibility of misconduct." <u>Iqbal</u>, 556 U.S. at 679; <u>Cook v. Howard</u>, 484 F. App'x 805, 810 (4th Cir. 2012).

A local government manifests a "policy or custom" in four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

<u>Lytle v. Doyle</u>, 326 F.3d 463, 471 (4th Cir. 2003) (quoting <u>Carter v. Morris</u>, 164 F.3d 215, 218 (4th Cir. 1999)). In his response to the Commission's motion to dismiss, plaintiff argues that the Commission fell under category three when it

7

demonstrated deliberate indifference by "fail[ing] to provide adequate training to its police officers regarding the booking process." Pl.'s Resp. 4. The amended complaint itself makes no mention of "deliberate indifference."

"'Deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Connick v. Thompson, 563 U.S. 51, 61 (2011) (quoting Brown, 520 U.S. at 410). Nonetheless, deliberate indifference for purposes of § 1983 may be alleged in two ways. First, the plaintiff may allege "[a] pattern of similar constitutional violations by untrained employees." Connick, 563 U.S. at 62 (quoting Brown, 520 U.S. 397, 409 (1997)); see also Moody v. City of Newport News, 93 F. Supp. 3d 516, 538 (E.D. Va. 2015). "Policymakers' continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action—the 'deliberate indifference'—necessary to trigger municipal liability." Connick, 563 U.S. at 62; City of Canton v. Harris, 489 U.S. 378, 397 (1989) (O'Connor, J., concurring in part and dissenting in part) ("[M]unicipal liability for failure to train may be proper where it can be shown that policymakers

were aware of, and acquiesced in, a pattern of constitutional violations involving the exercise of police discretion.").

Second, "in a narrow range of circumstances," a plaintiff may allege deliberate indifference by reference to only a single incident. <u>Connick</u>, 563 U.S. at 63 (quoting <u>Brown</u>, 520 U.S. at 409). In <u>City of Canton v. Harris</u>, the Supreme Court left "open the possibility that evidence of a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger municipal liability." <u>Brown</u>, 520 U.S. at 409 (citing 489 U.S. at 390 n.10).

Here, plaintiff alleges that the Commission had a custom of "permitting the excessive use of force, assault, and battery of arrested/detained individuals" without pointing to any instances of such misconduct other than the instant case. Pl.'s Resp. 5; Am. Compl. ¶¶ 6, 22. Plaintiff does not allege whether the Commission was aware of such conduct or if it made a deliberate choice not to train officers in this area. <u>See</u> <u>Barr v. Gee</u>, 437 F. App'x 865, 875 (11th Cir. 2011) (dismissing § 1983 failure to train claim because plaintiff "did not allege facts supporting a plausible inference either that the County was on notice beforehand of a need to train in this area, or

9

that the County made a deliberate choice not to do so"). Even at the motion to dismiss stage, the amended complaint lacks adequate factual allegations to support an inference that there may have been a pattern of unconstitutional conduct by the Commission. "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not" survive a motion to dismiss. Twombly, 550 U.S. at 555; Newhard v. Borders, 649 F. Supp. 2d 440, 446 (W.D. Va. 2009) (dismissing complaint because it lacked allegations to "support a conclusion that the Town's governing officials were actually or constructively aware of persistent and widespread constitutional deprivations by Town police officers" or "any allegations of other, similar constitutional deprivations at the hands of Town officers").

There remains the alternate theory "that the unconstitutional consequences of failing to train [were] patently obvious" and so "highly predictable" that even a single incident of misconduct could state a claim. Connick, 563 U.S. at 64; City of Canton, 489 U.S. at 390 n.10 (suggesting that "the need to train officers in the constitutional limitations on the use of deadly force" is "'so obvious,' that failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights"); see also Gallimore v. Henrico Cty.

Sch. Bd., 38 F. Supp. 3d 721, 727 (E.D. Va. 2014) (dismissing complaint because plaintiff did not allege "that the School Board failed to train school administrators in an area where there is an obvious need for training"). Yet, the amended complaint contains no allegations to suggest that the need for training on the booking and processing of suspects or the use of excessive force was so obvious as to amount to deliberate indifference. Indeed, it never mentions deliberate indifference at all.

Section 1988 provides no support to plaintiff's suit. Section 1988 permits a successful § 1983 plaintiff to recover attorney's fees, but it does not "in itself . . . create any cause of action." Johnson v. Ryder Truck Lines, Inc., 575 F.2d 471, 474 (4th Cir. 1978). Rather, it "instructs federal courts as to what law to apply in causes of action arising under federal civil rights acts." Moor v. County of Alameda, 411 U.S. 693, 703-06 (1973)).

Accordingly, plaintiff's constitutional claims under § 1983 and § 1988 must be dismissed as to the Commission.

**B. State Law Tort Claims – Counts II and III**

Plaintiff also brings state law claims of assault and battery (Count II) and intentional infliction of emotional distress (Count III).

As a "county commission" in West Virginia, the Commission meets the definition of a "[p]olitical subdivision" under West Virginia's Governmental Tort Claims and Insurance Reform Act. W. Va. Code Ann. § 29-12A-3(c), (e). Pursuant to this statute, "[p]olitical subdivisions are liable for injury . . . to persons . . . caused by the <u>negligent</u> performance of acts by their employees while acting within the scope of employment." <u>Id.</u> § 29-12A-4(c)(2) (emphasis added); <u>Matson v. Wagner</u>, 236 W.Va. 488, 507 (2015). "Political subdivisions are not, however, liable for 'intentional malfeasance' on the part of their employees." <u>Poe v. Town of Gilbert</u>, No. 2:11-CV-00645, 2012 WL 3853200, at *8 (S.D.W. Va. Sept. 5, 2012) (quoting <u>Mallamo v. Town of Rivesville</u>, 197 W.Va. 616, 624 (1996)) (dismissing state law claims of assault and battery and intentional infliction of emotion distress "insofar as they allege intentional torts"). As defendants correctly point out, Counts II and III allege intentional torts and therefore must be dismissed as to the Commission.

**C. State Law Tort Claims – Count IV**

Plaintiff claims in Count IV that the Commission negligently failed to "supervise and train its deputies." Am. Compl. ¶ 33. First, the Governmental Tort Claims and Insurance Reform Act "does not contemplate immunity where a plaintiff sues based on negligent hiring and supervision of an employee." Woods v. Town of Danville, 712 F. Supp. 2d 502, 514 (S.D.W. Va. 2010); W. Virginia Reg'l Jail & Corr. Facility Auth. v. A.B., 234 W.Va. 492, 502, 507 (2014) (finding that while the statute "does not cover claims made against the State or its agencies," it governs "the liability of political subdivisions and their employees"). The Commission is thus not immune from this state law claim.

A state law claim for negligent training and supervision is governed by a standard different than that discussed above to establish municipality liability in a § 1983 action. See, e.g., Pruitt v. West Virginia Dep't of Public Safety, 222 W. Va. 290, 296-97 (2008) (allowing claims of negligent failure to train and supervise to proceed to trial); Neiswonger v. Hennessey, 215 W. Va. 749, 753-54 (2004) (recognizing negligent hiring, training, and supervising as a cause of action grounded in state law and distinct from claims asserted under § 1983). Unlike § 1983 claims, a "claim under

the Governmental Tort Claims Act for negligent hiring, training, and supervision does not require a showing of 'deliberate indifference,' nor does it require that [plaintiff] establish a widespread 'custom or policy.'" Gilco v. Logan Cty. Comm'n, 2:11-cv-0032, 2012 WL 3580056, at *8 (S.D.W. Va. Aug. 17, 2012). Instead, it "centers on whether the employer was on notice of the employee's propensity (creating a duty), yet unreasonably failed to take action (manifesting a breach), resulting in harm to a third-party from the employee's tortious conduct." S.R. v. Fayette Cty. Bd. of Educ., No. CV 15-13466, 2016 WL 6886868, at *6 (S.D.W. Va. Nov. 21, 2016).

The amended complaint alleges that the Commission "failed to properly investigate plaintiff's injuries and take action against the defendants" and that "[r]epeatedly handcuffing and releasing plaintiff who was clearly identified as being intoxicated . . . was a result of improper training by the Department [and] violated department protocol." Am. Compl. ¶¶ 30, 33-34. Plaintiff also asserts that his "bodily injury, emotional distress, humiliation, embarrassment, mental distress and loss of personal dignity" were "a direct and proximate result" of the Commission's conduct. Am. Compl. ¶ 35.

Accepting all the allegations in plaintiff's amended complaint as true, plaintiff's negligent supervision and

14

training claim fails to allege what duty existed or how the Commission breached its duty to plaintiff. The amended complaint asserts that the Commission failed to investigate the deputy sheriffs' conduct after the fact but gives no indication as to how the Commission could have reasonably anticipated a risk of injury from the alleged acts of the officers in this case. The amended complaint fails to allege that an ordinary county commission, knowing what it knew or should have known, would anticipate that this type of harm was foreseeable. See S.R., 2016 WL 6886868, at *6; see also Lizotte v. Finley, No. 2:18-CV-01389, 2019 WL 2865864, at *2 (S.D.W. Va. July 2, 2019) (denying motion to dismiss where plaintiff alleged "Sheriff's Department had knowledge of, or (had they diligently exercised their duties to instruct, supervise, and control their own actions and actions of their agents) should have had knowledge that the wrongs conspired to be done were about to be committed").

In Poe v. Town of Gilbert, for example, the plaintiff's negligent training, supervision, and retention claim included allegations that the defendant town "failed to require inservice training of police officers known to have engaged in police misconduct [and] that Defendant knew the Officers . . . had a history of violence and had received excessive force

complaints against them and did nothing about it." No. 2:11-CV-00645, 2012 WL 3853200, at *10 (S.D.W. Va. Sept. 5, 2012). Even then, this court held that "these cobbled allegations" only "barely" stated a claim. Id. Here, plaintiff fails to allege whether the deputy sheriffs had prior complaints against them for excessive force or improper booking, whether the Commission was aware of abusive or unlawful conduct by any of the individual officers, how the Commission responded to previous complaints, or what type of training officers did or did not receive. See id.; Gaylord v. City of Beckley, No. 5:18-CV-00177, 2018 WL 3581093, at *5 (S.D.W. Va. July 25, 2018) (allowing claim to proceed where plaintiff "allege[d] that officers routinely charge people with obstruction without probable cause, particularly when the officers engaged in other misconduct"); Smith v. Popish, No. 5:17-CV-129, 2017 WL 4401633, at *6 (N.D.W. Va. Oct. 2, 2017) (denying motion to dismiss where plaintiff alleged city was aware defendant "ha[d] prior claims against him for excessive force . . . but allowed him to continue as a police officer without providing proper supervision or re-training"). Without any additional allegations, plaintiff's claim amounts to bare conclusory statements.

Accordingly, plaintiff's Count IV negligent supervision and training claim must be dismissed.

IV. Conclusion

For the reasons stated herein, it is ORDERED that the Commission's motion to dismiss be, and hereby is, granted. It is further ORDERED that Counts I, II and III be, and hereby are, dismissed as to the Fayette County Commission, and Count IV, which is limited to the Commission, is dismissed.

The Clerk is directed to transmit copies of this order to all counsel of record and to any unrepresented parties.

ENTER: September 30, 2019

John T. Copenhaver, Jr.
Senior United States District Judge